**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Robert TRINIDAD,**
**Defendant-Appellant.**

**No. 80–1719.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1981.

Decided June 5, 1981.

Roger W. Haines, Jr., Asst. U. S. Atty. argued, M. James Lorenz, U. S. Atty., Hector E. Salitrero, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Scott Russell Barnett, San Diego, Cal., for defendant-appellant.

Before WALLACE and FERGUSON, Circuit Judges, and CLAIBORNE,* District Judge.

CLAIBORNE, District Judge:

Trinidad was convicted of conspiracy to transport aliens illegally (Title 8, United States Code, Section 1324(a)(2) and Title 18, United States Code, Section 371).

Defendant's codefendants were charged in an original indictment with conspiracy to transport illegal aliens and with transporting illegal aliens. Twenty-one of the twenty-three aliens that were caught were deported to Mexico, and the remaining two were retained as material witnesses. Trinidad was later included in the conspiracy count in a superseding indictment without having had an opportunity to interview the missing witnesses. He filed a pretrial motion to dismiss the indictment on the ground that the government's deportation of material witnesses had violated his Fifth and Sixth Amendment rights under the *Mendez-Rodriguez* doctrine. He appeals from the order denying his motion and his subsequent conviction of conspiracy.

The law of this Circuit is that the Defendant need not show that the missing witnesses would provide favorable testimony; it does require a showing that the testimony that the witnesses might have given could conceivably have benefited the Defendant. *United States v. Martinez-Mo-*

* Honorable Harry E. Claiborne, United States District Judge for the District of Nevada, sitting by designation.

*rales,* 632. F.2d 112, 115 (9th Cir. 1980); *United States v. Orozco-Rico,* 589 F.2d 433, 435 (9th Cir. 1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1518, 59 L.Ed.2d 783 (1979), and cases cited therein.

Here the determinative consideration is whether Trinidad could conceivably have benefited from the testimony of the missing witnesses. He contends (1) they could have provided exculpatory information on the overt act with which he was charged, i. e., that he rented a shed in which to harbor illegal aliens; (2) that the aliens might have testified that they were not kept in the shed; (3) that they had never seen nor heard of the defendant; and, (4) that they may have overheard conversations with the transporting drivers that Trinidad was not involved in the smuggling operation.

His contention is unsound since the aliens' testimony would be relevant only to the substantive charge of transporting illegal aliens. Other evidence sufficiently proved the overt act charged and that he was guilty of conspiracy. The stipulated testimony of the two retained alien witnesses was sufficient to establish the fact that he did not deal with them directly. The testimony of the aliens, if such exculpated him on the substantive crime, would not be relevant to his conviction for conspiracy to transport aliens illegally since it would not impeach the inculpatory testimony by drivers who transported the illegal aliens as to his role in the smuggling operation.

The conviction is affirmed.